UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY ANN RICHARDSON, : | |
| : | |
| Plaintiff, : | Civ. No. 16-5931 (RBK) (AMD) |
| : | |
| v. : | |
| : | |
| GRACE KIMBROUGH, et al., : | **OPINION** |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Kimberly Ann Richardson filed this complaint against her probation officers Grace Kimbrough and Caroline Parsons-Kane, and Detectives Stephen Cittadini and Thomas LaRosa. Currently pending before this Court is the detectives' motion to dismiss. For the following reasons, the motion to dismiss will be granted.

## II. BACKGROUND

The Court recites the facts in the light most favorable to plaintiff. On August 27, 2015, Ms. Richardson reported to Ms. Kimbrough's office. A GPS device was installed on Ms. Richardson's vehicle while Ms. Richardson was in with Ms. Kimbrough. Ms. Parsons-Kane was aware of the installation and called one of the officers when Ms. Richardson left the Probation Office. Neither Ms. Parsons-Kane nor Ms. Kimbrough informed Ms. Richardson there was a warrant for her arrest.

Ms. Richardson was arrested on September 1, 2015 by Detectives Cittadini and LaRosa. She states they did not show her the warrant for her arrest or for the search of her car and motel room. They did not permit her to retrieve her identification, eyeglasses, cellphone, or keys from

inside her motel room. A little over a year later, Ms. Richardson filed the complaint asking the Court to compensate her for the value of her car and the items inside her car and room.

Defendants now move for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). Ms. Richardson filed a one-page letter in opposition to the motion.

### III.　LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

# IV. DISCUSSION

*1. Fourth Amendment*

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. The placement of a GPS device on a vehicle is a search within the meaning of the Fourth Amendment. *United States v. Jones*, 565 U.S. 400 (2012).

Ms. Richardson alleges Detective Cittadini "was involved with installing [the] GPS device" on her vehicle. However, the document attached to her complaint indicates the device was installed by a detective from the Burlington County Prosecutor's Office. In addition to there being no allegation that the GPS device was installed without a warrant, there are no facts in the complaint indicating how Detective Cittadini participated in the installation. "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Ms. Richardson has not made any allegations against Detective Cittadini with the required particularity. The Court will therefore dismiss any claims based on the GPS device for failure to state a claim.

Ms. Richardson further alleges the detectives failed to show her the arrest and search warrants, challenging the propriety of the arrest, search, and subsequent seizure of her property. The Court's research revealed no support for Ms. Richardson's theory that an improper arrest

claim under § 1983 may be based on the mere failure to show the arrest warrant at the time of execution. "[S]everal courts have refused to characterize an arrest as unlawful simply because the arrestee was not shown an arrest warrant upon arrest." *Lewis v. Nelson*, 113 F.3d 1246, *3 (10th Cir. 1997) (unpublished) (citing *United States v. Buckner,* 717 F.2d 297, 301 (6th Cir. 1983)); *see also United States v. Cox*, 553 F. App'x 123, 128 (3d Cir. 2014)(declining to decide whether failure to show warrant during arrest justifies dismissal of criminal complaint, but stating standard would require showing of "prejudice" or "intentional and deliberate disregard" of Federal Rule of Criminal Procedure 4 at a minimum); *United States v. Turcotte*, 558 F.2d 893, 896 (8th Cir. 1977) ("We find no merit to appellant's contention that his arrest was unlawful due to the failure of the arresting officer to serve him with a copy of the arrest warrant.").

Likewise, the alleged failure to show the search warrant at the time of the search does not mean the search was unlawful. The Fourth Amendment does not require "the executing officer [to] present the property owner with a copy of the warrant before conducting his search." *United States v. Grubbs*, 547 U.S. 90, 98–99 (2006). *See also Groh v. Ramirez*, 540 U.S. 551, 562 n.5 (2004) ("[N]either the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search."); *United States v. Tracey*, 597 F.3d 140, 146 n.5 (3d Cir. 2010) ("Of course, the Fourth Amendment does not require the officer to provide a copy of the warrant to the subject before he conducts the search."). The Court will therefore dismiss any claim based on these allegations.

*2. Procedural Due Process*

Ms. Richardson's chief complaint is the seizure of her vehicle and the loss of her personal property. The complaint alleged the car had been forfeited; however, Ms. Richardson's letter in

opposition to the motion to dismiss indicates the car is presently impounded and could be returned to her upon payment of the required fees. She states she is unable to pay the fees and asks them to be waived. She states the other personal items, valued at approximately $3000, cannot be located. The Court previously dismissed any Fourth Amendment claims arising out of the search and seizure of Ms. Richardson's vehicle and other property, but will also review her allegations under the due process clause pursuant to 28 U.S.C. § 1915(e)(2) (permitting a court "to dismiss the case at any time if the court determines" the complaint fails to state a claim).

"In order to determine whether an individual has been deprived of [her] property without due process 'it is necessary to ask what process the State provided, and whether it was constitutionally adequate.'" *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 138 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). "Although a pre-deprivation hearing is generally required before a state seizes a person's property, '[i]n some circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process.'" *Ibid.* (quoting *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (alteration and omission in original)). Ms. Richardson "cannot prevail on [her] due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate." *Id.* at 139.

Here, Ms. Richardson's vehicle and contents of her motel room were seized pursuant to a warrant. New Jersey state law provides several different procedures by which to either recover seized property, *see, e.g.*, N.J. CT. R. 3:5-7 (motion for return of wrongfully seized property in criminal case); N.J. CT. R. 4:61-1 (writ of replevin), or to be compensated for the value of lost property, *see, e.g.*, N.J. STAT. ANN. § 59-1:1 et seq. (New Jersey Tort Claims Act). Ms. Richardson "has failed to explain why New Jersey's state procedures to recover . . . seized

property, such as the ability to move in the criminal action for return of [her] property or the ability to file a separate action for a writ of replevin, are insufficient." *Revell*, 598 F.3d at 139 (citing *State v. One 1986 Subaru,* 576 A.2d 859 (N.J. 1990)). *See also McKenna v. Portman*, 538 F. App'x 221, 225 (3d Cir. 2013) (affirming dismissal of due process claim because state's failure to provide affidavit in support of search warrant did not prevent plaintiffs from using state court remedies for seized property). Because there are multiple, adequate state post-deprivation remedies available to Ms. Richardson, she has not stated a federal due process claim against defendants by vaguely alleging the "Burlington Civil Court won't respond back to my request to fight for my car and other property." The motion to dismiss will be granted.

## V.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be granted.  An appropriate order will be entered.


DATED:  December  5 , 2017

                     s/Robert B. Kugler____
                     ROBERT B. KUGLER
                     United States District Judge