# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KIMBERLY ANN RICHARDSON, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 16-5931 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| GRACE KIMBROUGH, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff Kimberly Ann Richardson filed this complaint against her probation officers Grace Kimbrough and Caroline Parsons-Kane, and Detectives Stephen Cittadini and Thomas LaRosa. Currently pending before this Court are Ms. Kimbrough's and Ms. Parson-Kane's motion to dismiss and motion to seal. For the following reasons, the motion to dismiss will be granted. The motion to seal Exhibit B is denied.

## II.     BACKGROUND

The Court recites the facts in the light most favorable to plaintiff. On August 27, 2015, Ms. Richardson reported to Ms. Kimbrough's office. A GPS device was installed on Ms. Richardson's vehicle while Ms. Richardson was in with Ms. Kimbrough. Ms. Parsons-Kane was aware of the installation and called Detective LaRosa when Ms. Richardson left the Probation Office. Neither Ms. Parsons-Kane nor Ms. Kimbrough informed Ms. Richardson there was a warrant for her arrest.

Ms. Richardson was arrested on September 1, 2015 by Detectives Cittadini and LaRosa. She states they did not show her the warrant for her arrest or for the search of her car they

conducted. They did not permit her to retrieve her identification, eyeglasses, cellphone, or keys from inside her motel room. A little over a year later, Ms. Richardson filed the complaint asking the Court to get her compensation for the value of her car and the items inside.

Defendants now move for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6) and to seal Exhibit B to their motion. Ms. Richardson did not file any opposition to the motions.

### III.    LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

## IV. DISCUSSION

**A. Motion to Dismiss**

Ms. Richardson alleges Ms. Kimbrough and Ms. Parsons-Kane violated her civil rights by participating in the installation of a GPS device on her vehicle. She further alleges defendants failed to inform her there was a warrant for her arrest.

Ms. Kimbrough and Ms. Parsons-Kane argue the complaint should be dismissed against them in their official capacities as probation officers because they are immune from suit. "Sovereign immunity extends to state agencies and state officers, 'as long as the state is the real party in interest.'" *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989)). To determine whether the state is the real party in interest, this Court considers three factors: (1) whether the money to pay for the judgment would come from the state; (2) the status of the agency under state law; and (3) what degree of autonomy the agency has. *Fitchik*, 873 F.2d at 659. As probation officers. Kimbrough and Ms. Parsons-Kane are considered employees of the judicial branch under New Jersey state law. N.J. STAT. ANN. § 2B:10-3(d) ("'Judicial employee' means . . . any person employed by a county probation office"). *See also* N.J. STAT. ANN. § 2B:10-4(b) ("All judicial employees shall be employees of the State."). Other courts in this district have held that "the New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity. The Court finds that judicial branch is an integral part of the State of New Jersey." *Johnson v. State of N.J.*, 869 F. Supp. 289, 296–97 (D.N.J. 1994). Ms. Richardson alleges the wrongful acts by Ms. Kimbrough and Ms. Parsons-Kane occurred within the scope of their employment as probation officers, entitling them to indemnification by the State if Ms. Richardson succeeds on her claims. N.J. STAT. ANN. § 59:10-1. Under the *Fitchik*

factors, Ms. Kimbrough and Ms. Parsons-Kane are entitled to sovereign immunity in their official capacities.

The Court will grant the motion to dismiss the claims against defendants in their individual capacities as Ms. Richardson has not stated a Fourth Amendment claim. The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. The placement of a GPS device on a vehicle is a search within the meaning of the Fourth Amendment. *United States v. Jones*, 565 U.S. 400 (2012). Ms. Richardson included an excerpt from Detective LaRosa's application for a search warrant along with her complaint.[1] The excerpt indicates the GPS device was attached to her vehicle by a member of the Burlington County Prosecutor's Office. The complete application for a search warrant indicates the GPS device was placed on Ms. Richardson's vehicle after a New Jersey Superior Court judge found probable cause to issue a communication data warrant authorizing the placement of the device.

---

[1] Defendants submitted the complete application along with their motion to dismiss. As a general rule, a party's reliance upon factual materials extraneous to the pleadings requires the Court to treat a motion to dismiss as one for summary judgment under Rule 56, *see Crown Cent. Petroleum Corp. v. Waldman*, 634 F.2d 127, 129 (3d Cir. 1980), however the Court may consider a "document integral to or explicitly relied upon in the complaint," or an "undisputedly authentic document" without converting the motion. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (quoting *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993) (alteration and omission in original)). In this instance, Ms. Richardson does not question the authenticity of the search warrant application and specifically relied on it in her complaint, going so far as to attach an excerpt from it to her complaint. The Court will therefore only consider the search warrant application in connection with this motion.

"Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). An exception exists when "the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Id.* at 547 (quoting *Leon*, 468 U.S. at 923). "[T]he threshold for establishing this exception is a high one[.]" *Ibid.* Ms. Richardson has not pled any facts that would be sufficient to overcome this high threshold even after construing all reasonable inferences in her favor. She has therefore failed to state an illegal search claim under the Fourth Amendment.

To the extent Ms. Richardson raises any claims based on Ms. Kimbrough's and Ms. Parson-Kane's failure to inform her of the arrest warrant, Ms. Kimbrough and Ms. Parsons-Kane are entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (internal citation and quotation marks omitted). The first prong of the analysis "asks whether the facts, [t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right [.]" *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (internal quotation marks and citations omitted) (alterations and omissions in original). "A defendant sued under § 1983 is entitled to qualified immunity 'unless it is shown that the official violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct.'" *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, No. 15-3904,

2017 WL 6045091, at *3 (3d Cir. Dec. 7, 2017) (precedential) (quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014)). "A right is 'clearly established' for these purposes when its 'contours ... [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Ibid.* (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999) (alteration and omission in original)).

Assuming without deciding there is a right to be informed about the existence of an arrest warrant by a probation officer who is not executing the warrant, Ms. Kimbrough and Ms. Parsons-Kane are entitled to qualified immunity because the right was not clearly established in August 2015.[2] There are no Supreme Court cases, Third Circuit cases, or a "robust consensus of cases of persuasive authority" from other courts of appeals that are sufficiently factually similar to Ms. Richardson's allegations such that defendants would have been on notice that failing to inform Ms. Richardson of the warrant was unlawful. *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir.), *as amended* (Mar. 21, 2016). *See also McLaughlin v. Watson*, 271 F.3d 566, 572 (3d Cir. 2001) ("[T]here must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited."). Furthermore, courts have held in other contexts that failure to inform people of outstanding arrest warrants did not violate other constitutional rights. *See, e.g., United States v. Gatherum*, 338 F. App'x 271 (4th Cir. 2009) (holding failure to inform defendant of outstanding arrest warrant prior to interrogation did not make statements involuntary or unintelligent); *United States v. Valdez*, 16 F.3d 1324, 1331 (2d Cir.) (holding

---

[2] Courts have "'sound discretion' to decide the immunity question first, thus avoiding the constitutional question of whether a right exists." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, No. 15-3904, 2017 WL 6045091, at *2 n.1 (3d Cir. Dec. 7, 2017) (citing *Camreta v. Greene*, 563 U.S. 692, 707 (2011); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

district judge did not have independent obligation to inform testifying witness warrant had been

issued for his arrest), *cert. denied sub nom Mock v. United States*, 513 U.S. 810 (1994). Ms.

Kimbrough and Ms. Parsons-Kane are entitled to qualified immunity on Ms. Richardson's

"failure to inform" claim because there is no clearly established right to be informed about an

arrest warrant by a probation officer who is not executing the warrant.

**B. Motion to Seal**

Ms. Kimbrough and Ms. Parsons-Kane have moved to seal Exhibit B of their motion to

dismiss. Exhibit B consists of the complete affidavit of Detective LaRosa in support of the search

warrant and the search warrant itself.  No objections have been filed.

"It is well-settled that there exists, in both criminal and civil cases, a common law public

right of access to judicial proceedings and records. The public's right of access extends beyond

simply the ability to attend open court proceedings. Rather, it envisions a pervasive common law

right to inspect and copy public records and documents, including judicial records and

documents." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and

quotation marks omitted). A party seeking to seal portions of the judicial record from public

view bears party "bears the heavy burden of showing that the material is the kind of information

that courts will protect and that disclosure will work a clearly defined and serious injury to the

party seeking closure." *Millhouse v. Ebbert*, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam)

(internal quotation marks and citations omitted).

Under Local Civil Rule 5.3(c), motions to seal must describe: (a) the nature of the

materials or proceedings at issue; (b) the legitimate private or public interests which warrant the

relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not

granted; and (d) why a less restrictive alternative to the relief sought is not available. Local Civ.

R. 5.3(c)(2). The moving party must also file a proposed order containing proposed findings of fact and conclusions of law. *Id.* Defendants' Motion to Seal does not address the factors in Rule 5.3(c)(3) with particularity, does not address why a less restrictive alternative is unavailable, and does not include proposed findings of fact and conclusions of law. They only assert that the warrant application and search warrant are deemed confidential under New Jersey Court Rule 3:5-4 ("After execution a warrant and accompanying papers shall remain confidential except as provided in [N.J. Ct.] R. 3:5-6(c)); *see also* N.J. Ct. R. 3:5-6(c) ("All warrants that have been completely executed and the papers accompanying them . . . shall be confidential except that the warrant and accompanying papers shall be provided to the defendant in discovery pursuant to [N.J. Ct.] R. 3:13-3 and available for inspection and copying by any person claiming to be aggrieved by an unlawful search and seizure upon notice to the county prosecutor for good cause shown."). This general allegation of a public harm is insufficient to justify sealing of a court record. *See In re Cendant Corp.*, 260 F.3d at 194 ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."). The motion to seal is denied.

**C. Leave to Amend**

Because Ms. Richardson is proceeding pro se under the Prison Litigation Reform Act, "dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). The Court finds that none of these exceptions apply in this instance. Ms. Richardson may move to amend her complaint within 30 days of this opinion and order. Any motion to amend must include a proposed amended complaint. Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.

## V.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be granted, and the

complaint is dismissed without prejudice.  The motion to seal Exhibit B is denied.

An appropriate order will be entered.


DATED:  December 12, 2017

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge